DANIEL M. PETROCELLI  (S.B. # 97802)
dpetrocelli@omm.com
DAVID MARROSO  (S.B. # 211655)
dmarroso@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

*Attorneys for Plaintiff Global Music Rights, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MUSIC RIGHTS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>MUSIC CHOICE,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**(17 U.S.C. § 101)**<br><br>**JURY DEMAND** |

Plaintiff Global Music Rights, LLC ("Global Music Rights"), by and through its attorneys, states the following as its Complaint against Music Choice ("Music Choice"):

## PRELIMINARY STATEMENT

1.     Musical compositions are intellectual property and, in the case of "hit" compositions, highly valuable intellectual property.  United States law grants copyright owners certain exclusive rights to that property, including the right to authorize others to perform publicly their music.  *See* 17 U.S.C. § 106.

2.     Music programming and streaming companies that publicly perform copyrighted musical compositions—whether via television, digital streaming services, or on-demand services—drive engagement and revenue through those uses.  Before publicly performing copyrighted compositions, however, such companies must obtain authorization to do so.

3.     When a media company performs a musical composition without permission, it acts in violation of federal copyright laws.  When that company had previously entered into a license agreement authorizing such performances, consciously decided to allow that license to expire, was expressly warned that any performances after the license's expiration would constitute willful copyright infringement, and nonetheless continued to publicly perform 95 copyrighted compositions without authorization, then that company acts willfully in violation of federal copyright laws.  Defendant Music Choice is a willful copyright infringer.

4.     Performance Rights Organizations, or "PROs" as they are known in the music industry, represent songwriters and publishers in licensing the public performances of copyrighted music.  For decades, there were only three PROs— ASCAP, BMI, and SESAC—which collectively represented (and continue to represent) more than tens of thousands of composers and 20 million compositions that are available for public performance.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

5.     Founded in 2013, Global Music Rights is the fourth PRO overall—and was the first new PRO in the United States in more than 70 years.  Global Music Rights represents an elite roster of just over 175 songwriters (and associated publishers), including Bruce Springsteen, Bruno Mars, Drake, Pharrell Williams, John Lennon, and the Eagles, in licensing the public performances of their copyrighted music (the "GMR Compositions").

6.     Music Choice is a sophisticated music and media company that distributes music programming to millions of subscribers nationwide through linear television channels, streaming applications, and on-demand services.

7.     Music Choice previously held a valid license from Global Music Rights, dated November 14, 2022, as amended on May 1, 2023, to publicly perform the GMR Compositions (the "License Agreement").  The License Agreement expired on December 31, 2025.

8.     Prior to the License Agreement's expiration, Global Music Rights offered Music Choice multiple opportunities to renew or extend its license.  Music Choice declined each offer and, on or about December 30, 2025, confirmed it would not renew.  On December 31, 2025, Global Music Rights sent Music Choice a formal notice letter expressly warning that any public performances of GMR Compositions after December 31, 2025 would constitute willful copyright infringement, and referred Music Choice to a complete listing of all Global Music Rights works so that Music Choice could ensure compliance.

9.     Despite receiving clear and unequivocal notice of its unlicensed status as of January 1, 2026, Music Choice willfully continued to publicly perform GMR Compositions on its services.  Music Choice made the strategic decision not to pay Global Music Rights for these uses and hoped to get away with it.  But Music Choice did not get away with it.  Music Choice has been caught red handed.

10.     By way of this Complaint, Global Music Rights seeks to hold Music Choice accountable for its willful infringements of the GMR Compositions.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## JURISDICTION AND VENUE

11.    This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

12.    This Court has personal jurisdiction over Music Choice because among other things, Music Choice broadcasts its music services on television stations in California and in this judicial district, and offers online music subscription services—including through its iOS and Android mobile applications and web-based platform—that are available to and accessible by subscribers in California and in this judicial district.  Music Choice regularly conducts or has conducted business in the State of California and in this judicial district, and Music Choice has caused injury to Global Music Rights within the State of California and in this judicial district.

13.    Additionally, the License Agreement provides that "[a]ll claims regarding this Agreement will be submitted to the exclusive jurisdiction of the state courts of California or to federal district courts located in Los Angeles County in the state of California."

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a), and 28 U.S.C. § 1391(b).

## PARTIES

15.    Plaintiff Global Music Rights is a Delaware limited liability company with its principal place of business at 1100 Glendon Avenue, 10th Floor, Los Angeles, California 90024.

16.    Global Music Rights is a performance rights organization, or PRO. As a PRO, Global Music Rights represents owners of copyrights in musical works in licensing the public performance of those works.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

17. Global Music Rights represents an elite roster of over 175 premium songwriters and their associated publishers. These songwriters and publishers have granted Global Music Rights the right to license to others the GMR Compositions. Global Music Rights has the right to license their works, collect applicable license fees for performances of those works, remit payments, and enforce the intellectual property rights in court if necessary.

18. Defendant Music Choice is a general partnership headquartered in Horsham, Pennsylvania, with offices located at 650 Dresher Road, Horsham, PA 19044.

19. Music Choice is a sophisticated multi-platform music service that has been operating for over 35 years. Music Choice operates music channels on linear television that are distributed nationwide, as well as several subscription services.

20. Through its services, Music Choice publicly performs copyrighted musical compositions, including GMR Compositions, to subscribers and viewers across the United States.

## THE LICENSE AGREEMENT AND ITS EXPIRATION

21. On November 14, 2022, Global Music Rights and Music Choice entered into the License Agreement, pursuant to which Global Music Rights granted Music Choice a non-exclusive license to make non-dramatic public performances of the GMR Compositions on Music Choice's services within the United States and its territories.

22. The License Agreement had a term commencing on January 1, 2023 and continuing through December 31, 2025. Section 3(b) of the License Agreement expressly provided that "[u]pon termination or expiration of this Agreement for any reason, all rights and licenses granted by Global Music Rights to Licensee shall immediately terminate."

COMPLAINT FOR COPYRIGHT INFRINGEMENT

23.    The License Agreement was amended via an amendment agreement dated May 1, 2023, to incorporate extended trials of Music Choice's services into the license.

24.    In the time leading up to the License Agreement's expiration in 2025, Global Music Rights notified Music Choice of the license's December 31, 2025 expiration date and that, unless the license was renewed, Music Choice would not be authorized to perform GMR Compositions after the expiration date.

25.    Music Choice made the conscious decision to not renew the License Agreement.

26.    On December 31, 2025, the day of the License Agreement's expiration, Global Music Rights sent Music Choice a formal notice letter (the "Notice Letter") putting Music Choice on express written notice that, as of January 1, 2026, Music Choice was not authorized to publicly perform any musical works in the Global Music Rights repertory, and that any public performance of any Global Music Rights works on Music Choice's services on or after January 1, 2026 would constitute willful copyright infringement.

27.    The Notice Letter provided Music Choice with a link to a current complete listing of all titles, songwriters, publishers, and shares represented by Global Music Rights, publicly available at www.globalmusicrights.com/catalogrequest, to enable Music Choice to ensure that it did not publicly perform any Global Music Rights works without authorization. Global Music Rights informed Music Choice that it would monitor Music Choice's services to ensure that the rights of Global Music Rights' songwriters were protected.

## THE COPYRIGHTED WORKS

28.    Beginning on January 1, 2026 and continuing through the present, Music Choice has publicly performed GMR Compositions on its services without a valid license, without authorization, and without paying for those performances.

- 6 -                    COMPLAINT FOR COPYRIGHT
                                INFRINGEMENT

Exhibit A identifies a non-exhaustive list of the GMR Compositions that are currently the subject of this lawsuit.  On information and belief, Music Choice publicly performed no fewer than 95 GMR Compositions without authorization.

29.    Each of the GMR Compositions listed on Exhibit A was registered with the United States Copyright Office and complied in all respects with the requirements of the Copyright Act.  Certificates of Registration have been granted for each of those works.

30.    The owners of each work listed on Exhibit A each possess public performance rights in the GMR Compositions.  Those owners have granted to Global Music Rights the exclusive third-party right to license to others the right to perform publicly the GMR Compositions.

31.    For each infringement listed on Exhibit A, Music Choice did not have a valid license, authorization, permission, or consent to perform publicly the GMR Compositions.

32.    Additionally, Music Choice may have performed publicly without authorization, and therefore intentionally infringed, other GMR Compositions that are not identified on Exhibit A and for which it may be liable under the Copyright Act.  Global Music Rights reserves the right to amend its complaint based on further investigation and/or information learned in discovery.

33.    Music Choice's infringement of each GMR Composition is governed by the same legal rules and involves similar facts and, thus, litigating them together promotes the administration of justice and avoids a multiplicity of separate, similar actions against Music Choice.

**MUSIC CHOICE'S INTENTIONAL AND WILLFUL INFRINGEMENT**

34.    Music Choice has infringed the GMR Compositions on numerous occasions across its services since January 1, 2026.  Music Choice had the legal obligation to ensure that its services did not publicly perform the GMR Compositions after the expiration of the License Agreement.  Music Choice failed

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

to fulfill this obligation, instead making the calculated decision to continue performing GMR Compositions without authorization.

35.    Music Choice is aware and knew that the public performance of copyrighted musical compositions on its services without a valid license would constitute copyright infringement.  Music Choice is a sophisticated media company that has operated in the music industry for nearly four decades and is well-versed in matters of licensing and copyright law.  Music Choice is owned by a consortium of major media and technology corporations— including Sony Corporation of America, Charter Communications, Comcast Corporation, Cox Communications, and Microsoft.

36.    Music Choice understands fully its obligation to obtain a performance rights license before publicly performing copyrighted works on its services. Indeed, Music Choice has been the subject of prior royalty-related litigation, including a 2019 lawsuit filed by SoundExchange alleging underpayment of royalties, further demonstrating Music Choice's awareness of and experience with its music licensing obligations.

37.    Music Choice is aware and knew that the public performance of the GMR Compositions required prior authorization and that publicly performing the GMR Compositions without prior authorization would constitute copyright infringement.  Music Choice had previously entered into a license agreement with Global Music Rights and was therefore familiar with the Global Music Rights repertory and the requirement to obtain a license for the public performance of GMR Compositions.

38.    Music Choice made a willful, calculated, and strategic decision not to obtain authorization to perform publicly the GMR Compositions following the expiration of the License Agreement.  Prior to the License Agreement's expiration, Music Choice was repeatedly warned of the consequences of performing GMR Compositions without authorization:

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

- On or about December 30, 2025, Music Choice confirmed to Global Music Rights that it would not renew the License Agreement.
- On December 31, 2025, Global Music Rights sent Music Choice the Notice Letter, expressly informing Music Choice that as of January 1, 2026, Music Choice was not authorized to publicly perform any GMR Compositions, and that any such performances would constitute willful copyright infringement subjecting Music Choice to statutory damages of up to $150,000 per work infringed.  Global Music Rights referred Music Choice to the complete listing of all GMR Compositions and informed Music Choice that Global Music Rights would be monitoring its services.
- On February 6, 2026, after detecting widespread unauthorized performances of GMR Compositions on Music Choice's services, Global Music Rights' outside counsel sent Music Choice a formal Notice of Copyright Infringement, identifying a multitude of GMR Compositions that Music Choice used without authorization, demanding that Music Choice immediately cease and desist from publicly performing GMR Compositions, and demanding that Music Choice remove all GMR Compositions from its services.
- Despite receiving Global Music Rights' February 6, 2026 letter, Music Choice continued to infringe upon GMR Compositions across its services.  Global Music Rights has continued to detect additional unlicensed uses of its works on Music Choice's services, underscoring Music Choice's willful conduct.

39.     Music Choice profited from its unauthorized use of GMR Compositions.  By using the high-quality works in the Global Music Rights repertory, Music Choice was able to attract and retain its vast subscriber base—which, on information and belief, reaches millions of households—and, in turn, allowed Music Choice to generate advertising and subscription revenues.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## CLAIM FOR RELIEF

## COUNT I

### (Direct Copyright Infringement – Public Performance)

40.     Global Music Rights incorporates herein by this reference each and every allegation contained in paragraphs 1 through 39 above.

41.     The copyrights to the GMR Compositions have been registered with the United States Copyright Office.

42.     Global Music Rights has the exclusive third-party right to authorize others to publicly perform the GMR Compositions.

43.     Music Choice has infringed the copyright interests in the GMR Compositions by performing the GMR Compositions on its services without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

44.     Music Choice's acts of infringement are willful, intentional, purposeful, and in disregard of and indifferent to the rights of Global Music Rights and those of the songwriters it represents.  Music Choice received express, written notice that its license had expired and that any further performances of GMR Compositions would constitute willful copyright infringement.  Music Choice nonetheless continued to perform GMR Compositions without authorization.

45.     As a direct and proximate result of Music Choice's willful and infringing uses of the GMR Compositions, Global Music Rights is entitled to maximum statutory damages of $150,000 for each copyright infringed, damages and to Music Choice's profits in amounts to be proven at trial, and/or such other amount as may be proper under 17 U.S.C. § 504(c).

46.     Global Music Rights is further entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

47.     As a result of Music Choice's acts and conduct, Global Music Rights has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Global Music Rights is

informed and believes, and on that basis avers, that unless enjoined by this Court, Music Choice will continue to infringe upon Global Music Rights' rights in the GMR Compositions.  Global Music Rights is entitled to permanent injunctive relief to restrain and enjoin Music Choice's continuing infringing conduct.

## JURY DEMAND

48.   Global Music Rights demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Global Music Rights requests that the Court enter judgment in its favor and against Music Choice as follows:

a) That Music Choice has violated Section 501 of the Copyright Act (17 U.S.C. § 501);

b) Require Music Choice to pay maximum statutory damages in an amount not less than $150,000 per GMR Composition that Music Choice infringed, as permitted in 17 U.S.C. § 504(c), or pursuant to 17 U.S.C. § 504(b), Global Music Rights' actual damages plus Music Choice's profits from infringement, in an amount to be proven at trial, and such further damages as permitted by applicable law;

c) That Music Choice, its agents, servants, employees, and all persons acting under its permission and authority, be preliminarily and permanently enjoined and restrained from infringing, in any manner, the GMR Compositions, pursuant to 17 U.S.C. § 502;

d) That Music Choice be ordered to pay costs, including reasonable attorney fees, pursuant to 17 U.S.C. § 505; and

e) Such other and further relief as the Court may deem just and proper.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

Dated: June 8, 2026

Respectfully submitted,


By: */s/ Daniel M. Petrocelli*

Daniel M. Petrocelli
dpetrocelli@omm.com
David Marroso
dmarroso@omm.com

O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067
Telephone:  (310) 553-6700


*Attorneys for Global Music Rights, LLC*

COMPLAINT FOR COPYRIGHT INFRINGEMENT